

**CURCIO
MIRZAIAN
SIROT** LLC

ATTORNEYS AT LAW

5 Becker Farm Road
Suite 406
Roseland, NJ 07068

T: 973.226.4534
F: 973.226.4535

www.cmsllc.law

July 17, 2019

**Via Electronic Mail (chambers_of_vfp@njb.uscourts.gov)**
The Honorable Judge Vincent F. Papalia
United States Bankruptcy Judge
United States Bankruptcy Court
50 Walnut Street
Newark, New Jersey 07102

    Re:    **Comet Management Company, LLC v. Nicole L. Lyew-Wooten**
            **Case No.: 18-33380/Adv. No.: 19-01114**
            **Our File No.: 3352-001**

Dear Judge Papalia:

    This firm is counsel to plaintiff Comet Management Company, LLC ("Plaintiff") in the matter above. Please accept this letter as a reply to Nicole Lyew-Wooten's ("Debtor") response which was submitted on July 11, 2019 to Plaintiff's Objection to the Confirmation of Debtor's Chapter 13 Plan that was filed with the court on January 31, 2019. For the reason set forth herein, we respectfully request Your Honor adjourn the confirmation hearing pending a valuation hearing and the resolution of the adversary proceeding scheduled for a hearing on July 25, 2019. We submit that confirmation of the Chapter 13 Plan would be premature while the value of the Debtor's real estate remains in dispute and prior to resolution of the Adversary Proceeding.

    I.    **The Valuation of the Debtor's Home is in Dispute**

    The primary thrust of the Plaintiff's objection to the Chapter 13 Plan turned on the Debtor's undervaluing of the Debtor's sole piece of real estate located at 6 Hillsdale Terrace, Sussex, New Jersey (the "Property"). The Debtor's petition claimed the Property had a value of $229,000.00. In order to support Plaintiff's claim, this office attempted to have an appraisal completed by an independent third-party (the "Appraiser"). However, this process was severely delayed by the Debtor refusal to provide the Appraiser with her contact information and further miscommunication between the Debtor and Appraiser.

    Notwithstanding the above, the Appraiser completed his report on or around April 25, 2019, which valued the Property at $275,000.00 (the "Appraisal"). This office did not receive copy of the appraisal until July 2, 2019. A copy of the Appraisal is attached herein as **Exhibit A**. As the

Letter to Hon. Vincent F. Papalia
July 17, 2019
Page 2

value of the Property remains in dispute, the Plaintiff requests a valuation hearing to resolve the value of the Property consistent with § 506(a) and prior to the confirmation of the Chapter 13 Plan.

The Debtor argues that even with Plaintiff's higher valuation of the Property, the substantial mortgage on the Property and the IRS lien leaves the remaining equity in the home below the $23,675.00 Federal exemption under 11 U.S.C. §522(d)(1). Thus, Plaintiff will be unaffected by a higher valuation of the Property.

The Debtor argument is flawed in two respects: (1) it includes the cost of sale, and (2) it assumes that the lack of non-exempt equity should be a factor when determining the value of the property.

First, Debtor includes the cost of sale, which if valued at eight percent 8% —as the Debtor suggest—of the value of the home would be approximately $22,000. Under §506(a) the debtor cannot include costs of sale or marketing in the valuation of the home. Therefore, relying on the Plaintiff' Appraisal, the Debtor's Petition in claim No. 9 (the Mortgage) and Claim No. 2 (the IRS Lien) the correct break down of the numbers would be as follows:

| | |
|---|---|
| Value: | $275,000 |
| Less Mortgage | ($233,743.28) |
| Less IRS Lien | ($3,555.00) |
| Net | $37,701.72 |
| Debtor Share (1/2) | $18,850.86 |
| Debtor Exemption | ($23,675.00) |
| Non-exempt | ($4,824.14) |

The Debtor may still take advantage of the exemption. However, regardless the effect of the home exemption has on the creditor, the Property value should be based on an accurate appraisal and without inclusion of the costs of sale.

For the foregoing reasons, Plaintiff respectfully requests this Court adjourn the confirmation hearing and provide available dates for a valuation hearing. Plaintiff will then submit a proposed schedule order consistent with the Court's availability.

II. **The Chapter 13 Plan Cannot Be Confirmed Until After The Issues Pending In The Adversary Proceeding Are Resolved**

The Plaintiff is a secured creditor through a judgment lien in the amount of $237,300.01. Plaintiff was awarded the judgment as relief for Debtor's tortious interference with the Plaintiff's economic advantage. As the element of this tort involves willful and malicious interference, the judgement in connection with the Debtor's tortious conduct is exempt for discharge under 11. U.S.C. 532(a)(4). This issue is current pending before Your Honor. However, the Debtor seeks to confirm the Chapter 13 Plan prior to the resolution of the Plaintiff's claim that the judicial lien is not dischargeable.

A Chapter 13 Plan must comply with all the provision of Chapter 13 prior to confirmation of the plan. § 1325(a)(1). The plan must, among other things: (i) be proposed in good faith pursuant

Letter to Hon. Vincent F. Papalia
July 17, 2019
Page 3

§1325(a)(3); (ii) provide that the holder of a secured lien, retain the lien securing such claim until payment or discharge pursuant to §1325(5)(B).

Here, without resolution of the adversary proceeding that will determine the nature of the Plaintiff's debt, specifically its status as a secured non-dischargeable lien against the debtor's home, we submit that the Chapter 13 Plan cannot be confirmed under the Bankruptcy Code. Therefore, we respectfully request the confirmation hearing be adjourned until the resolution of the Adversary Proceeding.

If you have any questions, please contact this office at the number above.

Respectfully Submitted,

Thomas J. Palma

TJP/
Encl.

Cc:   Stephen McNally, attorney for the Debtor (Via Email Only steve@mcnallylawllc.com )
      Mary-Ann Greenberg, Chapter 13 Trustee (Via Email Only magecf@magtrustee.com;
      jpetrolino@magtrustee.com)

# EXHIBIT A

File No. VER HILLSDALE 6

********* INVOICE *********

File Number: VER HILLSDALE 6                          05/30/2019

COMET MGT LLC / CURCIO MIRZAIAN SIROT
5 BECKER FARM ROAD
ROSELAND

Invoice # :
Order Date :      04/16/2019
Reference/Case # :
PO Number :

6 HILLSDALE TERRACE
VERNON, NJ 07461

| | | |
|---|---|---|
| APPRAISAL OF A SINGLE FAMILY DWELLING | $ | 600.00 |
| | $ | |
| Invoice Total | $ | 600.00 |
| State Sales Tax @ | $ | 0.00 |
| Deposit | ($ | ) |
| Deposit | ($ | ) |
| Amount Due | $ | 600.00 |

Terms:   PAYABLE UPON RECEIPT

Please Make Check Payable To:

REALTY APPRAISAL, INC.
PO BOX #91
NUTLEY, NJ 07110

Fed. I.D. #: 22-2375627

REALTY APPRAISAL, INC.
## Residential Appraisal Report
File No. VER HILLSDALE 6

**PURPOSE**
The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.
Client Name/Intended User: COMET MGT LLC / CURCIO MIRZAIAN SIROT   E-mail: JMARRERO@CMSLLC.LAW
Client Address: 5 BECKER FARM ROAD   City: ROSELAND   State: NJ   Zip: 07068
Additional Intended User(s): FOR THE ATTORNEYS AND/OR THE JUDGE INVOLVED IN SETTLEMENT OF A LEGAL ISSUE.
Intended Use: FOR THE SETTLEMENT OF A LEGAL ISSUE

**SUBJECT**
Property Address: 6 HILLSDALE TERRACE   City: VERNON   State: NJ   Zip: 07461
Owner of Public Record: KIRK & NICOLE WOOTEN   County: SUSSEX
Legal Description: BLOCK #221.03, LOT #28
Assessor's Parcel #: 2822-00221-0003-00028-0000   Tax Year: 2018   R.E. Taxes $ 7,772.00
Neighborhood Name: NOT APPLICABLE   Map Reference: NAVIGATION   Census Tract: 3717
Property Rights Appraised: [X] Fee Simple   [ ] Leasehold   [ ] Other
My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Prior Sale/Transfer: Date 08/29/2014   Price $242,500   Source(s) TAX RECORDS

**SALES HISTORY**
Analysis of prior sale or transfer history of the subject property (and comparable sales, if applicable):
THE SUBJECT PROPERTY WAS NOT FOUND TO HAVE BEEN SOLD WITHIN THE PAST THREE YEARS.

ACCORDING TO TAX RECORDS, THE TOTAL ASSESSMENT FOR THE SUBJECT PROPERTY IS $288,600. THE EQUALIZATION RATIO FOR VERNON IS REPORTED TO BE 105.68 PERCENT. THEREFORE, FOR PROPERTY TAX ASSESSMENT PURPOSES, THE "EQUALIZED VALUE" OF THE SUBJECT PROPERTY IS $273,089.

Offerings, options and contracts as of the effective date of the appraisal: TO THE BEST OF MY KNOWLEDGE, AS OF THE EFFECTIVE DATE OF THIS REPORT, THE SUBJECT PROPERTY WAS NOT OFFERED FOR SALE OR UNDER CONTRACT OF SALE.

**NEIGHBORHOOD**
Neighborhood Characteristics: Location [ ] Urban [X] Suburban [ ] Rural; Built-Up [ ] Over 75% [X] 25-75% [ ] Under 25%; Growth [ ] Rapid [X] Stable [ ] Slow
One-Unit Housing Trends: Property Values [ ] Increasing [X] Stable [ ] Declining; Demand/Supply [ ] Shortage [X] In Balance [ ] Over Supply; Marketing Time [ ] Under 3 mths [X] 3-6 mths [ ] Over 6 mths
One-Unit Housing: PRICE $(000) 175 Low / 300 High / 250 Pred.; AGE (yrs) 25 / 85 / 45
Present Land Use %: One-Unit 100%; 2-4 Unit; Multi-Family; Commercial; Other
Neighborhood Boundaries: MANGO DRIVE TO THE NORTH; ROUTE #23 TO THE SOUTH; ROUTE #565 TO THE WEST; AND ROUTE #94 TO THE EAST.
Neighborhood Description: THE SUBJECT FRONTS UPON AN RELATIVELY ATTRACTIVE, SUBURBAN, RESIDENTIAL STREET. MOST DWELLINGS IN THE AREA ARE GENERALLY WELL MAINTAINED AND ATTRACTIVELY LANDSCAPED. THE AREA IS MODERATELY DESIRABLE AND, IF WELL PRICED, READILY MARKETABLE.
Market Conditions: THE LOCAL REAL ESTATE MARKET IS STILL FAIRLY STRONG AND MOST PROPERTIES IN THE AREA ARE GENERALLY READILY MARKETABLE. HOWEVER, NEW TAX LAWS AND A LIKELY INCREASE IN MORTGAGE RATES HAVE BEGUN TO HAVE AN NEGATIVE IMPACT ON VALUES AND MARKETABILITY.

**SITE**
Dimensions: 102.08' X 211.01' X 221.05' X 200.00'   Area: 33,202 SQUARE FEET   Shape: IRREGULAR   View: AVERAGE
Specific Zoning Classification: R-3   Zoning Description: SINGLE FAMILY RESIDENTIAL
Zoning Compliance: [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal
Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No
NOT APPLICABLE
Utilities: Electricity Public [X]; Gas Public [X]; Water [X] WELL; Sanitary Sewer [X] SEPTIC
Off-site Improvements—Type: Street MACADAM Public [X]; Alley NONE
Site Comments: ACCORDING TO TAX MAPS REVIEWED, THERE IS A 20' WIDE DRAIN EASEMENT ON THE PLOT. NO OTHER EASEMENTS OR ENCROACHMENTS OR ANY OTHER ADVERSE SITE CONDITIONS WERE NOTED.

**IMPROVEMENTS**
GENERAL DESCRIPTION: Units [X] One; # of Stories 2.0; Type [X] Det.; [X] Existing; Design (Style) COLONIAL; Year Built 1977; Effective Age (Yrs) ±25; Attic [ ] None [X] Drop Stair [ ] Stairs [ ] Floor [ ] Finished
FOUNDATION: [ ] Concrete Slab [ ] Crawl Space [ ] Full Basement [X] Partial Basement; Basement Area 506 sq.ft.; Basement Finish 80%; [ ] Outside Entry/Exit [ ] Sump Pump; Heating [ ] FWA [X] HW [ ] Radiant; Fuel OIL; Cooling [X] Central Air Conditioning
EXTERIOR DESCRIPTION: Foundation Walls C. BLOCK; Exterior Walls VINYL & BRICK; Roof Surface SHINGLE; Gutters & Downspouts ALUMINUM; Window Type DOUBLE HUNG; Storm Sash/Insulated THERMOPANES; Screens YES
Amenities: WoodStove(s) # 0; [X] Fireplace(s) # 1; [X] Patio/Deck Deck; Fence None; Porch None; Pool None
INTERIOR: Floors MIXED FINISHES; Walls SHEETROCK; Trim/Finish WOOD; Bath Floor CERAMIC TILE; Bath Wainscot MIXED FINISHES; Car Storage None; Driveway # of Cars 0; Driveway Surface MACADAM; [X] Garage # of Cars 2; Carport # of Cars 0; Att. [X] Built-in
Appliances: Refrigerator [X] Range/Oven [X] Dishwasher [ ] Disposal [ ] Microwave [ ] Washer/Dryer [X] Other FAN/HOOD
Finished area above grade contains: 9 Rooms   4 Bedrooms   2.1 Bath(s)   2,068 Square Feet of Gross Living Area Above Grade
Additional Features: CENTRAL AIR CONDITIONING. LARGE REAR DECK. FIREPLACE. BASEMENT RECREATION ROOM CONSIDERED IN VALUE BUT NOT IN THE ROOM COUNT OR SQUARE FOOTAGE.
Comments on the Improvements: THE SUBJECT IS A WELL MAINTAINED, RELATIVELY YOUNG, FRAME COLONIAL DWELLING. IT WAS FOUND TO BE STRUCTURALLY SOUND. NO SIGNIFICANT REPAIRS ARE REQUIRED.



REALTY APPRAISAL, INC.
### Residential Appraisal Report

File No. VER HILLSDALE 6

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | +(-) $ Adjustment | COMPARABLE SALE NO. 2 | +(-) $ Adjustment | COMPARABLE SALE NO. 3 | +(-) $ Adjustment |
|---|---|---|---|---|---|---|---|
| Address | 6 HILLSDALE TERRACE VERNON, NJ 07461 | 8 HIGHPOINT TERRACE VERNON, NJ 07461 | | 1669 ROUTE #565 VERNON, NJ 07461 | | 15 MANGO DRIVE VERNON, NJ 07461 | |
| Proximity to Subject | | 0.97 MILE NE | | 3.52 MILES SW | | 4.44 MILES NE | |
| Sale Price | $ N/A | | $ 278,400 | | $ 265,000 | | $ 260,000 |
| Sale Price/Gross Liv. Area | $ sq. ft. | $ 117.22 sq. ft. | | $ 108.16 sq. ft. | | $ 122.35 sq. ft. | |
| Data Source(s) | FULL | MLS #3517216  10 DOM | | MLS #3502710  25 DOM | | MLS #3489203  19 DOM | |
| Verification Source(s) | INSPECTION | EXT. INSP. AND / OR MLS | | EXT. INSP. AND / OR MLS | | EXT. INSP. AND / OR MLS | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | | DESCRIPTION | | DESCRIPTION | |
| Sale or Financing Concessions | | CONVENTIONAL FINANCING | 0 | VA FINANCING | 0 | CONVENTIONAL FINANCING | 0 |
| Date of Sale/Time | CURRENT | 01/22/2019 | 0 | 11/27/2018 | 0 | 11/27/2018 | 0 |
| Location | AVERAGE | AVERAGE | | AVE. / BUSY ST. | +10,000 | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 33,202 SQ. FEET | ± 15,000 SQ. FEET | +7,500 | ± 42,000 SQ. FEET | -2,500 | ± 42,000 SQ. FEET | -2,500 |
| View | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Design (Style) | COLONIAL | BILEVEL | 0 | COLONIAL | | COLONIAL | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Actual Age | 42 | ± 35 | 0 | ± 50 | 0 | ± 45 | 0 |
| Condition | ABOVE AVERAGE | GOOD | -10,000 | ABOVE AVERAGE | | ABOVE AVERAGE | |
| Above Grade Room Count | Total 9 / Bdrms 4 / Baths 2.1 | Total 9 / Bdrms 4 / Baths 2.1 | | Total 8 / Bdrms 3 / Baths 2.0 | +7,500 | Total 8 / Bdrms 4 / Baths 2.1 | 0 |
| Gross Living Area | 2,068 sq. ft. | ± 2,375 sq. ft. | -23,000 | ± 2,450 sq. ft. | -28,500 | ± 2,125 sq. ft. | -4,500 |
| Basement & Finished Rooms Below Grade | RECREATION ROOM | NO BASEMENT | +15,000 | NO BASEMENT | +15,000 | NO BASEMENT | +15,000 |
| Functional Utility | ADEQUATE | ADEQUATE | | ADEQUATE | | ADEQUATE | |
| Heating/Cooling | H.W. / CEN. AIR | H.W. / NONE | +7,500 | H.W. / NONE | +7,500 | H.W. / NONE | +7,500 |
| Energy Efficient Items | THERMOPANES | THERMOPANES | | THERMOPANES | | THERMOPANES | |
| Garage/Carport | 2 CAR BUILT-IN | 2 CAR BUILT-IN | | 2 CAR ATT. | 0 | 2 CAR ATT. | 0 |
| Porch/Patio/Deck | DECK | DECK | | DECK | | DECK | |
| Fireplace(s) | FIREPLACE | FIREPLACE | | FIREPLACE | | FIREPLACE | |
| Net Adjustment (Total) | | [ ]+ [X]- | $ 3,000 | [X]+ [ ]- | $ 9,000 | [X]+ [ ]- | $ 15,500 |
| Adjusted Sale Price of Comparables | | | $ 275,400 | | $ 274,000 | | $ 275,500 |

**Summary of Sales Comparison Approach**
EACH SALE CITED IS BASICALLY COMPARABLE TO THE SUBJECT PROPERTY IN TERMS OF AGE, SIZE, LOCATION, CONSTRUCTION QUALITY AND OVERALL MARKET APPEAL.

**COST APPROACH TO VALUE**
Site Value Comments  RECENT SALES OF DIRECTLY COMPARABLE VACANT LOTS OF SIMILAR SIZE, ZONING AND LOCATION WERE NOT FOUND THEREFORE, THE LAND RESIDUAL VALUE METHOD WAS UTILIZED IN DETERMINATION AND ESTIMATION OF THE SUBJECT'S SITE VALUE

ESTIMATED [ ] REPRODUCTION OR [X] REPLACEMENT COST NEW    OPINION OF SITE VALUE ............................. = $ 75,000
Source of cost data LOCAL BUILDERS. PROFESSIONAL COST MANUALS.   Dwelling  2,068 Sq. Ft. @ $ 122.15 ......... = $ 252,606
Quality rating from cost service AVERAGE  Effective date of cost data CURRENT   Bsmt.  506 Sq. Ft. @ $ 85.29 ......... = $ 43,157
Comments on Cost Approach (gross living area calculations, depreciation, etc.)
MARSHALL & SWIFT'S COST HANDBOOK WAS UTILIZED IN THE    Garage/Carport  528 Sq. Ft. @ $ 64.38 ......... = $ 33,993
SELECTION OF THE COST APPROACH FACTORS. NOTE THE    Total Estimate of Cost-New ........................... = $ 329,756
FLOORPLAN AND DIMENSION LIST ADDENDUMS FOR A BREAKDOWN    Less   Physical  Functional  External
OF THE SUBJECT DWELLING'S SQUARE FOOTAGE.    Depreciation  40%   0%   0%   = $ ( 131,902 )
     Depreciated Cost of Improvements ... "AS-IS" / ALL CAUSES . = $ 197,854
     "As-is" Value of Site Improvements ................. = $ 2,500
     COST APPROACH NOT TO BE USED FOR INSURANCE
     INDICATED VALUE BY COST APPROACH ..... PURPOSES.  = $ 275,354

**INCOME APPROACH TO VALUE**
Estimated Monthly Market Rent $ N/A   X Gross Rent Multiplier N/A  = $ N/A   Indicated Value by Income Approach
Summary of Income Approach (including support for market rent and GRM)  ONE FAMILY HOMES WITHIN THE SUBJECT AREA ARE MOSTLY OWNER OCCUPIED HENCE, A RELIABLE GRM CANNOT BE CALCULATED AND, THEREFORE, THE INCOME APPROACH IS NOT APPLICABLE.

Indicated Value by: Sales Comparison Approach $ 275,000   Cost Approach (if developed) $ 275,354   Income Approach (if developed) $ N/A
THE COST AND SALES COMPARISON APPROACHES CONCUR. THE MOST EMPHASIS HAS BEEN PLACED UPON THE SALES COMPARISON ANALYSIS APPROACH TO VALUE.

This appraisal is made [X] "as is,"  [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,
[ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed  [ ] subject to the following
AS INSTRUCTED, THE SUBJECT HAS BEEN APPRAISED IN ITS "AS-IS" CONDITION FOR THE PURPOSE OF A PROPOSED BANKRUPTCY FILING

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property
that is the subject of this report is $ 275,000    as of  05/24/2019 , which is the effective date of this appraisal.



REALTY APPRAISAL INC.

File No. VER HILLSDALE 6

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as "the type and extent of research and analyses in an assignment." In short, scope of work is simply what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client, other identified intended users and to the intended use of the report. This report was prepared for the sole and exclusive use of the client and other identified intended users for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not an environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is unlikely to be consistent with the definition of Insurable Value for property insurance coverage/use.

11. The ACI General Purpose Appraisal Report (GPAR™) is not intended for use in transactions that require a Fannie Mae 1004/Freddie Mac 70 form, also known as the Uniform Residential Appraisal Report (URAR).

Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions



File No. VER HILLSDALE 6

## Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted below, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:
I HAVE PERFORMED NO SERVICES, AS AN APPRAISER OR IN ANY OTHER CAPACITY, REGARDING THE PROPERTY THAT IS THE SUBJECT OF THIS REPORT WITHIN THE THREE-YEAR PERIOD IMMEDIATELY PRECEDING ACCEPTANCE OF THIS ASSIGNMENT.
MY OPINION OF A REASONABLE EXPOSURE TIME FOR THE SUBJECT PROPERTY AT THE MARKET VALUE STATED IN THIS REPORT AS OF THE APPRAISAL'S EFFECTIVE DATE WAS ABOUT 150 DAYS.

**Additional Certifications:**

Definition of Value: [X] Market Value    [ ] Other Value:
Source of Definition: FANNIE MAE'S DEFINITION
DEFINITION OF MARKET VALUE: The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by the sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

ADDRESS OF THE PROPERTY APPRAISED:
6 HILLSDALE TERRACE
VERNON, NJ 07461
EFFECTIVE DATE OF THE APPRAISAL: MAY 24, 2019
APPRAISED VALUE OF THE SUBJECT PROPERTY $ 275,000

| APPRAISER | SUPERVISORY APPRAISER |
|---|---|
| Signature: *Kenneth Russ* | Signature: |
| Name: KENNETH RUSS, SCGREA, IFA | Name: |
| Company Name: REALTY APPRAISAL, INC. | Company Name: |
| Company Address: P.O. BOX #91, NUTLEY, N.J. 07110 | Company Address: |
| Telephone Number: (973) 284-0187 | Telephone Number: |
| Email Address: RAIRUSS@AOL.COM | Email Address: |
| State Certification #: 42RG00033500 | State Certification #: |
| or License #: | or License #: |
| or Other (describe): ____ State #: | State: |
| State: NEW JERSEY | Expiration Date of Certification or License: |
| Expiration Date of Certification or License: 12/31/2019 | Date of Signature: |
| Date of Signature and Report: 05/30/2019 | Date of Property Viewing: |
| Date of Property Viewing: MAY 24, 2019 | Degree of property viewing: |
| Degree of property viewing: | [ ] Interior and Exterior  [ ] Exterior Only  [ ] Did not personally view |
| [X] Interior and Exterior  [ ] Exterior Only  [ ] Did not personally view | |



Page 2 of 2

REALTY APPRAISAL INC.



## DIMENSION LIST ADDENDUM

| Client: | COMET MGT LLC / CURCIO MIRZAIAN SIROT | | | File No.: | VER HILLSDALE 6 |
|---|---|---|---|---|---|
| Property Address: | 6 HILLSDALE TERRACE | | | Case No.: | |
| City: | VERNON | State: | NJ | Zip: | 07461 |

| GROSS BUILDING AREA (GBA) | | | 3,102 |
|---|---|---|---|
| GROSS LIVING AREA (GLA) | | | 2,068 |
| Area(s) | Area | % of GLA | % of GBA |
| Living | 2,068 | | 66.67 |
| Level 1 | 1,034 | 50.00 | 33.33 |
| Level 2 | 1,034 | 50.00 | 33.33 |
| Level 3 | | | |
| Other | | | |
| Basement [X] (GBA) | 506 | | 16.31 |
| Garage [X] | 528 | | 17.02 |
| Other [ ] | 675 | | N/A |

### Area Measurements

| Measurements | Factor | Total | Level 1 | Level 2 | Level 3 | Other | Bsmt. | Garage |
|---|---|---|---|---|---|---|---|---|
| 24 x 22 | x 1.00 = | 528 | X | | | | | |
| 23 x 22 | x 1.00 = | 506 | X | | | | | |
| 45 x 22 | x 1.00 = | 990 | | X | | | | |
| 22 x 2 | x 1.00 = | 44 | | X | | | | |
| 22 x 24 | x 1.00 = | 528 | | | | | | X |
| 22 x 23 | x 1.00 = | 506 | | | | | X | |

SUBJECT PROPERTY PHOTO ADDENDUM

| Client: | COMET MGT LLC / CURCIO MIRZAIAN SIROT | | File No.: | VER HILLSDALE 6 |
|---|---|---|---|---|
| Property Address: | 6 HILLSDALE TERRACE | | Case No.: | |
| City: | VERNON | State: NJ | Zip: | 07461 |



**FRONT VIEW OF SUBJECT PROPERTY**

Appraised Date: MAY 24, 2019
Appraised Value: $ 275,000



**REAR VIEW OF SUBJECT PROPERTY**



**STREET SCENE**

COMPARABLE PROPERTY PHOTO ADDENDUM

| | |
|---|---|
| Client: | COMET MGT LLC / CURCIO MIRZAIAN SIROT |
| Property Address: | 6 HILLSDALE TERRACE |
| City: | VERNON |
| State: | NJ |
| Zip: | 07461 |
| File No.: | VER HILLSDALE 6 |
| Case No.: | |



**COMPARABLE SALE #1**

8 HIGHPOINT TERRACE
VERNON, NJ 07461
Sale Date: 01/22/2019
Sale Price: $ 278,400



**COMPARABLE SALE #2**

1669 ROUTE #565
VERNON, NJ 07461
Sale Date: 11/27/2018
Sale Price: $ 265,000



**COMPARABLE SALE #3**

15 MANGO DRIVE
VERNON, NJ 07461
Sale Date: 11/27/2018
Sale Price: $ 260,000

| Client: | COMET MGT LLC / CURCIO MIRZAIAN SIROT | File No.: | VER HILLSDALE 6 |
|---|---|---|---|
| Property Address: | 6 HILLSDALE TERRACE | Case No.: | |
| City: | VERNON | State: NJ | Zip: 07461 |




**INTERIOR PHOTOGRAPHS   OF THE SUBJECT PROPERTY**







| Client: | COMET MGT LLC / CURCIO MIRZAIAN SIROT | File No.: | VER HILLSDALE 6 |
|---|---|---|---|
| Property Address: | 6 HILLSDALE TERRACE | Case No.: | |
| City: | VERNON | State: NJ | Zip: 07461 |




INTERIOR PHOTOGRAPHS     OF THE SUBJECT PROPERTY







LOCATION MAP





| Client: | COMET MGT LLC / CURCIO MIRZAIAN SIROT | | File No.: | VER HILLSDALE 6 | |
|---|---|---|---|---|---|
| Property Address: | 6 HILLSDALE TERRACE | | Case No.: | | |
| City: | VERNON | State: NJ | Zip: | 07461 | |



| Client: | COMET MGT LLC / CURCIO MIRZAIAN SIROT | | File No.: | VER HILLSDALE 6 | |
|---|---|---|---|---|---|
| Property Address: | 6 HILLSDALE TERRACE | | Case No.: | | |
| City: | VERNON | State: NJ | Zip: | 07461 | |

Produced using ACI software, 800.234.8727 www.aciweb.com